PER CURIAM.
In this “slip and fall” case, summary final judgment was entered for the defendant. Plaintiffs appeal. We reverse.
Plaintiff-wife was a business invitee upon defendant’s retail store premises, and admittedly fell and was injured.
In reviewing the pleadings, affidavits and deposition under consideration to determine whether there exists any genuine issue of material fact, the dispositive features of this case are:
A. Did Mrs. Ferguson slip and fall as the result of a foreign substance on defendant’s floor; and
B. If so, did defendant’s employees place the substance there, know of its existence, or had it been there a sufficient length of time for defendant to have discovered it by the exercise of ordinary care and to have remedied the condition prior to the accident ?
In her complaint, Mrs. Ferguson alleged, “ * * * that when the Plaintiff did step on said foreign object, she did slip and fall, sustaining serious and grievous personal injuries and damages * * There were no witnesses and apparently the floor area was well lighted, dry and clean except for a piece of cardboard with dimensions of 2" x 5" in the fall area. This cardboard was found by one of defendant’s employees and was described as being similar to that used to separate candy. This employee, and one other employee of the defendant, averred that Mrs. Ferguson told them she did not know how or why she fell. Her complaint alleges otherwise.
Mrs. Ferguson’s complaint also alleged, “ * * * The Defendant, acting through its agents, servants or employees in the course of their agency, servitude or employment, did so negligently or carelessly create a dangerous and hazardous condition, to-wit: by placing a candy wrapper on the floor, or, in the alternative, the Defendant did so negligently and carelessly allow the aforesaid dangerous and hazardous condition to exist when it knew, or in the exercise of reasonable care should have known, of said condition, and it failed to warn the Plaintiff of the dangerous condition and hazardous area * * *.” (Emphasis supplied.)
Defendant’s two employees, referred to above, also averred they did not know how or by whom the cardboard came to be on the floor. This would tend to refute the direct “creation” or “knowledge” allegation against the defendant, however, it raises the significance of the alternative allegation of constructive notice and reasonable care. On this point, one of the employees stated he was in the area 20-25 minutes prior to the fall and the cardboard was not then on the floor. If the cardboard had been on the floor for 19 minutes would this fact require summary judgment for the defendant as a matter of law? We think not in this case.
The record does not reflect with any specificity how long the cardboard had been on the floor. Mrs. Ferguson’s complaint asserts it had been there for a sufficient time for defendant to have discovered it and corrected the condition. No pre-trial discovery was directed at her to learn of certain matters including her version (other than contained in her pleading) as to why and how the fall occurred, how long she had been in the area prior to the fall, and whether other people were also in the area.
Furthermore, the record does disclose: defendant’s employees apparently only swept the store floor at or near closing time; this accident occurred at about 3 :30 P.M.; no schedule existed for inspection of the floors; employees periodically were to check the floors and remove any foreign objects; the floor was of a creamy color and the subject cardboard was grey.
*474 From the foregoing and in this posture we cannot determine that this case is devoid of any genuine issues of material fact.
Accordingly, the final summary judgment entered herein is reversed and this cause is remanded for further proceedings consistent herewith.
Reversed and remanded.
CROSS, J., and McCAIN, DAVID L., Associate Judge, concur.
WALDEN, J., dissents with opinion.